IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN SNIDER and
DEBORAH SNIDER,

      Plaintiffs,

v.                                                      1:22-cv-00927-LF-KK

PILOT TRAVEL CENTERS, LLC
and JOHN DOE, as manager/employee/agent
of Flying J Travel Center #738

      Defendants.

**<u>ORDER TRANSFERRING CASE TO THE NORTHERN DISTRICT OF TEXAS</u>**

THIS MATTER comes before the Court on defendant Pilot Travel Center, LLC's ("Pilot") Motion to Dismiss for Lack of Personal Jurisdiction, filed December 12, 2022. Doc. 5. Plaintiffs oppose the motion. Doc. 8. Pilot filed its reply on January 9, 2023. Doc. 10. Having reviewed the parties' submissions and the relevant law, the Court finds that it lacks personal jurisdiction over Pilot, and it will transfer this action to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1631.

## BACKGROUND

Plaintiffs filed suit in New Mexico state court on October 4, 2022, alleging premises liability, bodily injury and damages, and loss of consortium claims. Doc. 1-1. Defendant Pilot removed the case to this Court on December 6, 2022. Doc. 1.

On the morning of May 26, 2021, plaintiff John Snider's knee was injured when, after walking through the wet parking lot of a Flying J Travel Center in Tye, Texas, his foot slipped as he stepped out of his vehicle. Doc. 1-1 ¶¶ 10, 15–19. Pilot owned and operated the Travel Center

at the time of Mr. Snider's injury. *See* Doc. 5 at 4; Doc. 1-1 ¶ 5. Plaintiffs allege that defendants "knew or reasonably should have known that fuel was mixed with the water on the parking lot," were negligent in maintaining the premises, and so proximately caused Mr. Snider's fall. Doc. 1-1 ¶ 23–25.

## LEGAL STANDARD

When a court considers a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving the court's jurisdiction over the movant. *AST Sports Science Inc. v. CLF Distribution Ltd.,* 514 F.3d 1054, 1056 (10th Cir. 2008). When such a motion is considered pre-trial and without an evidentiary hearing, this burden is light: the plaintiff need only make a prima facie showing of personal jurisdiction. *Id.* at 1056–57. The Court must "tak[e] as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiffs' complaint" and must resolve any factual disputes in the plaintiff's favor. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir.2008).

To establish personal jurisdiction in a diversity action, the plaintiff must show that (1) "jurisdiction is proper under the laws of the forum state," and (2) "the exercise of jurisdiction would not offend due process." *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). Because New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible," *Tercero v. Roman Catholic Diocese*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 316, 48 P.3d 50, 54; *see also* N.M. STAT. ANN. § 38-1-16 (2018), the statutory inquiry collapses into the due process analysis, *Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1279 (10th Cir. 2016).

The Due Process Clause permits a court to exercise personal jurisdiction over only those defendants who have minimum contacts with the forum state. *World-Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 291 (1980). Where a defendant has contacts "so 'continuous and systematic' as to render them essentially at home in the forum State," the court exercises "general jurisdiction" for any claim against that defendant. *Goodyear Dunlop Tires Operations*, 564 U.S. 915, 919 (2011) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). Corporate defendants are usually "at home" only in their state of incorporation and their principal place of business; only in an "exceptional case" will a corporation's activities in another state support general personal jurisdiction in that state. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). Where a defendant's contacts are insufficient for general personal jurisdiction, the court may exercise "specific jurisdiction" over only claims that arise out of the defendant's purposeful contacts with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

When a court finds "that there is want of jurisdiction," the court may dismiss the instant action or "shall, if it is in the interest of justice, transfer it" to a court where the action could have been brought at the time it was filed. 28 U.S.C. § 1631. In the Tenth Circuit, the court must evaluate the possibility of transfer even if no motion urges the court to do so. *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.15 (10th Cir. 2006). The court first must "satisfy itself that the proposed transferee court has personal jurisdiction over the parties." *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012). If the court determines that a transferee court has personal jurisdiction, it then must consider three factors to determine whether a transfer is in the interest of justice: 1) whether the claims would be time barred if filed anew in the proper forum; (2) whether the claims alleged are likely to have merit; and (3) whether the claims were filed in good faith or if it was clear at the time of filing that the court lacked the requisite jurisdiction. *Id.*

**DISCUSSION**

The parties agree that the Court lacks specific jurisdiction over Pilot. Doc. 8 at 1; Doc. 10 at 1. Therefore, the only question before the Court is whether plaintiffs have shown that Pilot's contacts with New Mexico are so substantial that the Court has general personal jurisdiction over Pilot. The Court finds that plaintiffs have not made such a showing; therefore, the Court cannot permit the case to remain in New Mexico.

There is no dispute that Pilot is organized under the laws of Delaware and has its principal place of business in Tennessee.[1] Doc. 5 at 5. Plaintiffs contend that Pilot's business activities must be considered in light of the factors laid out by the Tenth Circuit in *Trierweiler v. Croston & Trench Holding Corp.*, 90 F.3d 1523 (1996), which render Pilot "essentially at home" in New Mexico. Doc. 8 at 3–5; *Goodyear*, 564 U.S. at 519. Pilot argues that the Court's general jurisdiction analysis must consider Pilot's New Mexico activities in the context of "[the] corporation's activities in their entirety," as the Supreme Court did in *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014) and *BNSF*, 581 U.S. at 414. Because Pilot's activities in New Mexico are, compared to its total business, less substantial than in-state activities that were insufficient to create general personal jurisdiction in *Daimler* and *BNSF*, Pilot asserts that the Court's exercise of general personal jurisdiction would be "plainly contrary to the Supreme Court's holdings . . . ." Doc. 10 at 6. The Court agrees.

---

[1] Although Pilot is an LLC, it is treated like any other corporation for the purpose of general personal jurisdiction. That is, although the members of an LLC determine citizenship in a diversity analysis, they have little or no bearing on where an LLC is "at home." *See generally Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014) (treating Daimler's USA subsidiary, an LLC, as at home in the states where it was organized and had its principal place of business); *see also Avus Designs, Inc. v. Grezxx, LLC*, No. 22-CV-0173-SWS, 2022 WL 17404426, at *5–6 (D. Wyo. Dec. 2, 2022).

Although Pilot's business activities in New Mexico are continuous and substantial, "[g]eneral jurisdiction [] calls for an appraisal of a corporation's activities *in their entirety*, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all of them." *Daimler*, 517 U.S. at 139 n.20 (emphasis added); *see also BNSF*, 581 U.S. at 414.[2] Pilot operates travel centers across the United States and Canada. Doc. 5 at 6; Doc. 5-1. Its thirteen travel centers in New Mexico constitute only 1.5% of its total centers, employ only 1.7% of its workforce, and generate only 1.4% of its revenues. *Id.* In *BNSF*, the Supreme Court held that a defendant that employed almost 5% of its workforce in Montana and generated close to 10% of its total revenue in that state was nonetheless not subject to general personal jurisdiction. *BNSF*, 581 U.S. at 404, 414. Likewise, in *Daimler*, defendant Daimler was the largest seller of luxury vehicles in California, sold 10% of its total U.S. sales and earned 2.4% of its total revenue in that state, and operated multiple California-based facilities, including a regional office. *Daimler*, 571 U.S. at 123. These "slim contacts. . . hardly render[ed Daimler] at home" in California. *Id.* at 136. On a strictly numerical basis, it is clear that Pilot's activities in

---

[2] Plaintiffs argue that *Daimler* "addressed a question of agency theory, rather than specifically addressing general jurisdiction," and holds that "'mere continuous activity of some sorts within a state is not enough' for general jurisdiction." Doc. 8 at 3 & n.1. Plaintiffs misconstrue the *Daimler* opinion. The Court in *Daimler* analyzed but "[did] not pass judgment on an invocation of an agency theory in the context of general jurisdiction," instead assuming that "contacts [were] imputable to Daimler" and ruling on the general jurisdictional issue. 571 U.S. at 135, 136. The Court rejected "the exercise of general jurisdiction in every state in which a corporation engages in a substantial, continuous, and systematic course of business" and instead evinced the principle that even very substantial continuous in-state activity, when undertaken by national or international businesses, is insufficient for general jurisdiction. *Id.* at 138; *see also id.* at 139 ("If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.") (internal quotation marks and citation omitted).

New Mexico are insufficient to render Pilot at home in New Mexico and cannot subject it to general personal jurisdiction in this Court.

Plaintiffs argue that the foregoing analysis is incomplete because the comparison between Pilot's in-state and national business is "not the exclusive factor to be considered." Doc. 8 at 3. They rely on two district court cases, *In re Gold King Mine Release in San Juan County, Colorado*, 2022 WL 4365862 (D.N.M. Aug. 5, 2022) and *Fabara v. GoFit, LLC*, 308 F.R.D. 380 (D.N.M. 2015), for the proposition that the Court *must* apply the *Trierweiler* factors despite *Daimler* and *BNSF*. While the Court does not wholly agree with defendant that *In re Gold King* is "anomalous" in its application of the *Trierweiler* factors, the application of those factors cannot recapture personal jurisdiction that would otherwise lay beyond the bounds of the Due Process Clause. Because exercising general personal jurisdiction over Pilot in this case would transgress the constitutional limits established in *Daimler*, the Court declines to conduct a *Trierweiler* analysis.[3] The Court does not have personal jurisdiction over Pilot and must therefore evaluate whether it is in the interest of justice to transfer this case.[4]

---

[3] It is true that the Tenth Circuit seems to view the application of the *Trierweiler* factors as compatible with *Goodyear*'s "at home" standard. In fact, that court has opined that "the *Goodyear* standard was not new; it summarized a longstanding jurisdictional rule," *Am. Fid. Assur. Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1238 (10th Cir. 2016), and it has applied the factors after the ruling in *Goodyear. See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 95 (10th Cir. 2012); *see also Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 620 n.9 (10th Cir. 2012) (listing *Trierweiler* as one of two potentially applicable sets of factors). But the Tenth Circuit has never held that those factors *must* be applied, and it has declined to apply them—as did the district court in one of the two cases that plaintiff cites—where it would be superfluous. *See Monge*, 701 F.3d at 620 n.9; *Fabara*, 308 F.R.D. at 404.

[4] Although Pilot is not the only defendant in this case, the facts as pled indicate that the Court does not have personal jurisdiction over the sole other defendant, the employee John Doe. Thus, the Court finds it appropriate to dispose of the case as a whole. It is undisputed that the Court does not have specific personal jurisdiction over John Doe, and the Supreme Court has strongly suggested that individual defendants are subject to general personal jurisdiction only where they are domiciled. *See Goodyear*, 564 U.S. at 924; *see also Carnrick v. Riekes Container Corp.*, 2016 WL 740998, at *2 (D. Colo. 2016); *M3 USA Corp. v. Hart*, 516 F. Supp. 3d 476, 490 (E.D.

As an initial matter, the Court finds that a federal district court in the Northern District of Texas would have specific personal jurisdiction over both defendants. Plaintiffs' claims arise out of Pilot's business and John Doe's employment in Taylor County, Texas. *See Helicopteros,* 466 U.S. 408, 414 n. 8 (1984); Doc. 1-1 ¶¶ 4–6. Accordingly, this case may properly be transferred to the Northern District of Texas if the relevant factors indicate that it is in the interests of justice to do so. Having considered whether plaintiffs' claims would be time-barred if filed anew in Texas; whether the claims alleged are likely to have merit; and whether the claims were filed in good faith, the Court finds that it is in the interest of justice to transfer. *See Grynberg*, 490 F. App'x at 105.

Plaintiffs allege, via a premises liability claim, that defendants' negligence proximately caused an injury to plaintiff John Snider's knee, that he suffered damages as a result, and that plaintiff Deborah Snider suffered loss of consortium. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471–72 (Tex. 2017) (premises liability is a specific type of negligence claim).[5] Under Texas law, all of plaintiffs' claims are subject to a two-year statute of limitations. *See Pirtle v. Kahn*, 177 S.W.3d 567, 571–72 (Tex. App. 2005) (personal injury statute of limitations is two years); *Maes v. El Paso Orthopaedic Surgery Grp.*, *P.A.*, 385 S.W.3d 694, 697–99 (Tex. App. 2012) (loss of consortium claims are derivative claims and so are barred by the statute of limitations for the underlying claim). Plaintiffs allege that John Snider was injured on the morning of May 26, 2021. Therefore, plaintiffs' claims are not time-barred. However, because

---

Pa. 2021). Plaintiffs allege that defendant John Doe "was a resident of Taylor County, Texas at all times material hereto." Doc. 1-1 ¶ 6. Moreover, if by some bizarre twist John Doe *were* a domiciliary of New Mexico, diversity would be destroyed. *See id.* ¶ 1. The Court therefore cannot exercise jurisdiction over plaintiffs' claims against John Doe.

[5] As a federal court sitting in diversity, the transferee court would apply Texas law to decide plaintiffs' claims. *See, e.g., Moore v. Subaru of Am.*, 891 F.2d 1445, 1448 (10th Cir. 1989). Therefore, the Court's analysis does the same.

7

plaintiffs would have scarcely a month to refile, the Court finds that this factor weighs in favor of transfer.

To succeed on a premises liability claim in Texas, a plaintiff must prove: (1) that the defendant had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to the plaintiff; (3) that the defendant did not exercise reasonable care to reduce or to eliminate the risk; and (4) that defendant's failure to use such care proximately caused the plaintiff's personal injuries. *See Joachimi v. City of Houston*, 712 S.W.2d 861, 863–64 (Tex. App. 1986). Plaintiffs allege that defendants knew or reasonably should have known of the liquid in the parking lot, Doc. 1-1 ¶ 23, that the wet parking lot posed an unreasonable risk to visitors, *id.* ¶ 16, that defendants were negligent in maintaining the premises, *id.* ¶¶ 22, 24, and that defendants' negligence proximately caused damages and injury to plaintiffs, *id.* at ¶ 25. If these allegations are true, plaintiffs' claims have merit; this factor weighs in favor of transfer.

Plaintiffs originally filed their claims in New Mexico state court and alleged that Pilot, a "limited liability company registered with the New Mexico Secretary of State and doing business in New Mexico[,] subject[ed] itself to *in personam* jurisdiction of the State of New Mexico . . . ." *Id.* ¶ 2. Although plaintiffs were mistaken, there is no indication that they filed in New Mexico in bad faith, much less that they reached this Court because of their bad faith. Having considered each factor, the Court finds that transfer will serve the interests of justice.

## CONCLUSION

IT IS THEREFORE ORDERED that Pilot's Motion to Dismiss for Lack of Personal Jurisdiction, Doc. 5, is DENIED. IT IS FURTHER ORDERED that the Clerk of this Court is

directed to transfer this case to the United States District Court for the Northern District of Texas.

                                                                  _____
                                                                   Laura Fashing
                                                                   United States Magistrate Judge
                                                                     Presiding by Consent